**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Eric WILLIAMS, Defendant— Appellant.**

**No. 02–10538.**

**D.C. No. CR–02–00035–CRB.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2003.

Decided Oct. 20, 2003.

Hartley West, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Daniel Blank, Federal Public Defender's Office, San Francisco, CA, for Defendant–Appellant.

Before GOODWIN, KLEINFELD, Circuit Judges, and JONES,* District Judge.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The Honorable Robert E. Jones, United States District Judge for the Oregon, sitting by designation.

## MEMORANDUM **

Convicted of a felony on January 26, 1999, defendant Williams was on parole at the time of his arrest. On December 26, 2001, San Francisco Police Department ("SFPD") officers saw a Ford Taurus that had been reported stolen, made a U-turn and drove towards the Taurus. Williams, who was driving the Taurus, sped away, leading the officers on a high-speed chase through city streets and onto the freeway. The chase ended on an elevated portion of the freeway over Vermont Street when Williams' car collided with another car, then a police car, and then the guardrail. The pursuing officers observed Williams exit the Taurus and run to the freeway guardrail. One officer testified at trial that Williams wadded his jacket into a ball as he ran. Williams threw his jacket over the guardrail and continued to run on the freeway until officers tackled and arrested him.

Officers next recovered the jacket from where it had landed on Vermont Street. Officers found the jacket and inches to a foot away, on an adjacent strip of grass, a gun. Officers also testified that there was a fresh divot mark in the dirt next to the gun. The jacket pocket was found to contain a small rock of crack cocaine.

Williams moved for judgment of acquittal on the basis that the government failed to present sufficient evidence to prove his possession of the gun and to satisfy the jurisdictional commerce element. This court "must affirm the conviction[ ] if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found [the defendant] guilty beyond a reasonable doubt of each element of the crime[ ] charged." *United States v. Corral–Gastelum*, 240 F.3d 1181, 1183 (9th Cir.2001). "Possession may be proved circumstantially, by proof of exclusive dominion or of some special relationship to the [item] or persons who directly control it." *United States v. Ocampo*, 937 F.2d 485, 489 (9th Cir.1991) (citations omitted); *see United States v. Bernard*, 48 F.3d 427, 430 (9th Cir.1995). A rational trier of fact could have inferred from the circumstantial evidence that Williams knowingly possessed the gun.

Williams contends that there was insufficient evidence to prove the jurisdictional element of § 922(g)(1). In this case, the Government showed that the gun was manufactured in Belgium and was discovered in California. This is sufficient evidence to meet the jurisdictional element. The government does not have to show that the firearm moved in commerce "recently," as Williams contends. *United States v. Casterline*, 103 F.3d 76, 77 (9th Cir.1996); *United States v. Hanna*, 55 F.3d 1456, 1462 (9th Cir.1995) (quoting *Scarborough v. United States*, 431 U.S. 563, 575, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977)).

Williams' contentions that some evidence was unfairly excluded from trial and other evidence unfairly admitted are without merit. His contentions that the prosecutor improperly vouched by using the phrase "we know" in her closing argument are unsupported by the record in this case. None of the alleged errors, individually or cumulatively, prejudiced Williams' case.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.